UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:14-CR-00129-GNS-1

UNITED STATES OF AMERICA                                                                                    PLAINTIFF

v.

DAVID A. NEILL                                                                                                        DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court upon the Objection (DN 13) filed by Defendant David A. Neill ("Neill") to Writ of Garnishment Issued by the United States to AAA Life Insurance ("AAA").  For the following reasons, the Court **OVERRULES** Defendant's objection.

## BACKGROUND

On July 30, 2014, Neill was sentenced to a period of three months in prison following the entry of his guilty plea to the crime of bank fraud and was ordered to pay $166,133.09 in restitution by the United States District Court for the Central District of Illinois.[1]  (J. 2, 5-6, DN 3-2).  On December 30, 2014, this Court accepted transfer of jurisdiction of Neill's supervised release.  (Transfer of Jurisdiction, DN 1).

On August 10, 2015, the United States filed an Application for Continuing Garnishment to AAA, and on the same day, the Clerk's Office issued the Writ of Garnishment.  (Appl. for Writ of Continuing Garnishment, DN 8; Writ of Garnishment, DN 10).  On August 18, 2015,

---

[1] To date, Nell has paid $3,563 in restitution, and the current total balance due is $162,570,09. (Appl. for Writ of Continuing Garnishment 2, DN 8).

1

AAA answered and indicated that it is holding life insurance proceeds valued at $200,000. (Ans. of Garnishee 2, DN 12). On August 19, 2015, Neill filed his objection.

## DISCUSSION

Under the Federal Debt Collections Procedures Act ("FDCPA"), 18 U.S.C. §§ 3001-3308, the United States may "enforce a judgment imposing a fine in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). *See also United States v. Wright*, No. 07-65-JBC, 2008 WL 5111327, at *1 (E.D. Ky. Dec. 4, 2008) ("This section applies in this matter because 'all provisions of [18 U.S.C. § 3613] are available to the United States for the enforcement of an order of restitution.'" (alteration in original) (quoting 18 U.S.C. § 3613(f))). Under the FDCPA, the United States may enforce a judgment against "all property or rights to property of the person fined" but excluding "property exempt from levy for taxes pursuant to section 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12) of the Internal Revenue Code of 1986 . . . ." 18 U.S.C. § 3616(a)(1).

Neill has provided five grounds for his objection to the garnishment. These include: (i) that he did not receive notice of the garnishment; (ii) that the original judgment ordered restitution to be made by monthly payments based upon his disposable income; (iii) that life insurance proceeds are not gross income and are not taxable; (iv) that the U.S. Attorney's Office informed him that an insurance policy would not be considered for restitution; and (v) assuming that the life insurance constitutes disposable income, the Court should only distribute the proceeds "only [by] the percentage prescribed in the original judgment . . . ." (Def.'s Obj. to Writ of Garnishment 2, DN 13). None of those bases provides a valid basis for his objection.

While the Court originally set up a payment schedule for restitution, "the existence of [a court-imposed payment] schedule does not mean that the government is precluded from pursuing other avenues of ensuring that defendant's restitution obligation is satisfied.  Court-imposed payment schedules are merely one means available to enforce a restitution judgment." *United States v. James*, 312 F. Supp. 2d 806, 806-07 (E.D. Va. 2004) (internal footnote omitted).  Notwithstanding the payment schedule, "[t]he government is free to pursue any authorized means of securing a restitution obligation, and it is clear that writs of garnishment are authorized by federal law."  *United States v. Bancroft*, No. 1:09-cr-101-02, 2010 WL 4536785, at *2 (W.D. Mich. Nov. 2, 2010) (citation omitted).  Thus, the law provides that the United States may pursue various avenues for enforcing an order of restitution and is not constrained by the criminal judgment.

As noted above, the United States' ability to garnish under 18 U.S.C. § 3616 is constrained by the exemptions set forth in I.R.C. § 6334(a)(1), (2), (3), (4), (5), (6), (7), (8), (10), and (12).  Neill has not identified any specific applicable exemption, and the Court concludes that none of those exemptions are applicable.  *See, e.g.*, *United States v. Castanon*, No. 10-237, 2012 WL 1432554, at *2-3 (D.N.J. Apr. 24, 2012) (denying the motion to quash the order for writ of garnishment of defendant's life insurance policy); *United States v. Burt*, No. 09-MC-51117, 2010 WL 3475954, at *2 (E.D. Mich. Mar. 22, 2010) ("Life insurance policies are omitted from the list of exempt property under § 3613(a).").  Accordingly, the life insurance proceeds from AAA are not exempt from garnishment.

With respect to the issue of notice, the application was filed on August 10, 2015, and the United States has certified that it provided notice on August 13, 2015, by FedEx.  (Appl. for Writ of Garnishment, DN 8; Certification of Service of Documents on Garnishee 1, DN 15).  Neill

then filed his objection on August 19, 2015. Thus, Neill clearly had sufficient notice as evidenced by his timely objection with this Court.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that the Objections (DN 13) filed by Defendant David A. Neill to the United States' Writ of Garnishment issued to AAA Life Insurance Company are **OVERRULED**.

**Greg N. Stivers, Judge**
**United States District Court**
September 25, 2015

cc:  counsel of record
     David A. Neill, *pro se*